UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEFFERY GOODSON

                              Plaintiff,                              **08 CIV 1130**

      - against -                                  **ANSWER**

NEW YORK CITY, DEPARTMENT OF CORRECTION;
ROMAN-DAVID TROJANOWSKI, SOCIAL WORKER
COLLEEN KIERNAN, M.A. ASSIST MENTAL HEALTH
MANAGER
KALU N. AGWU, M.D. PSYCHIATRY                     **TRIAL BY JURY**
SALOME L. OTT PH.D. CLINICAL SUPERVISOR        **DEMANDED**
S. RASHEED, M.D., PSCHIARY
RICHELLE WILLIAMS, M.A.
A.K.M. QUYYUM M.D. PSYCHIATRY
JANET A. SENDAR, PSY. D. CLINICA SUPERVISOR
BIMALENDU GANGULY, M.D.
AZMAT HASAN, M.D.
DAVID VIERA, RPA-C
PETER HERZ, M.D.
ANUMA ULU, M.D.
LAALI A. ALI, M.D.
MATTHEW BARNES, M.D.
BABATONDE FAGBAMIYE, M.D.

                              Defendants.
------------------------------------------------------------------X

       Defendant BIMALENDU GANGULY, M.D., by his attorneys, HEIDELL, PITTONI, MURPHY & BACH, LLP, Of Counsel to MICHAEL A. CARDOZO, ESQ., Corporation Counsel of the City of New York, upon information and belief, answers the complaint herein as follows:

       FIRST:   Denies the allegations contained in the paragraphs of the complaint designated "1" through "3" insofar as the allegations pertain to the answering defendant.

543472.1

### AS AND TO THE SECTION DESIGNATED ADMINISTRATION OF MEDICATION

SECOND: Denies the allegations contained in the paragraphs of the complaint designated "1" through "7" insofar as the allegations pertain to the answering defendant.

### AS AND TO THE SECTION DESIGNATED STATEMENT OF FACTS

THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "1," and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

FOURTH: Denies the allegations contained in the paragraph of the complaint designated " 2."

### AS AND TO THE SECTION DESIGNATED CONCLUSION

FIFTH: Denies the allegations contained in that paragraph of the complaint insofar as the allegations pertain to the answering defendant and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### FOR A FIRST DEFENSE

SIXTH: That this action was not commenced against defendant until after the expiration of the time period specified in the applicable statute of limitations and any recovery based on the alleged causes of action herein is barred.

### FOR A SECOND DEFENSE

SEVENTH: That whatever damages may have been sustained at the time and place alleged in the complaint by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and without any negligence on the part of defendant. Damages, if any, are to be diminished proportionally to the culpable conduct of the plaintiff.

543472.1

### FOR A THIRD DEFENSE

EIGHTH: That as to the cause of action set forth in the complaint based upon alleged failure to obtain an informed consent, defendant pleads the defenses in Public Health Law, Section 2805-d.

### FOR A FOURTH DEFENSE

NINTH: That one or more of the causes of action in the complaint fail to state a cause of action upon which relief may be granted.

### FOR A FIFTH DEFENSE

TENTH: Plaintiff has failed to mitigate his alleged damages claimed herein.

### FOR A SIXTH DEFENSE

ELEVENTH: That defendant denies that he is liable in any way to plaintiff under any legal theory because of the doctrine of immunity, whether qualified, sovereign, statutory or otherwise.

### FOR A SEVENTH DEFENSE

TWELFTH: That plaintiff is not entitled to recover damages in this action under 42 U.S.C. § 1983.

### FOR A EIGHTH DEFENSE

THIRTEENTH: Plaintiff may not properly assert a cause of action against the answering defendant for violation of 42 U.S.C. § 1983.

### FOR A NINTH DEFENSE

FOURTEENTH: That the occurrence alleged in plaintiff's complaint was caused, contributed to and brought about, in whole or in part, by the conduct of persons over whom this defendant exercised no supervision or control, including the plaintiff, such conduct amounting to contributory negligence, and the damages and injuries otherwise recoverable by plaintiff, if any,

543472.1

should be diminished in proportion to which such person(s)' conduct bears to the conduct which caused decedent's injuries and damages, if any, pursuant to the decisional and statutory laws of the State of New York and the United States in such cases made and provided.

### FOR A TENTH DEFENSE

FIFTEENTH: That this defendant alleges and states that plaintiff's claim for relief is barred, because plaintiff and plaintiff's representatives assumed the risk and were fully cognizant of any and all circumstances surrounding the events that gave rise to this action.

### FOR A ELEVENTH DEFENSE

SIXTEENTH: That this defendant alleges and states that there were intervening and superseding acts and occurrences over which it had no control and which caused any claimed injuries of plaintiff.

### FOR A TWELFTH DEFENSE

SEVENTEENTH: That this defendant reserves the right to amend his answer and/or affirmative defenses that may be determined applicable in the future by discovery in this matter.

### FOR A THIRTEENTH DEFENSE

EIGHTEENTH: That this defendant denies any and all allegations of plaintiff's complaint not specifically admitted herein.

WHEREFORE, defendant BIMALENDU GANGULY, M.D., demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
       July 30, 2008

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP
Of Counsel to MICHAEL A. CARDOZO, ESQ.,

543472.1

                                        Corporation Counsel of the City of New York

                            By: _____
                                   AUSTA S. DEVLIN (AD 8811)
                                   Attorneys for Defendant
                                   BIMALENDU GANGULY, M.D.,
                                   Office & P.O. Address
                                   99 Park Avenue
                                   New York, New York 10016
                                   (212) 286-8585

TO:    *Pro Se* Jeffery Goodson
        07-A-1685
        Mt. McGregor Correctional Facility
        Box 2071
        1000 Mt. McGregor Road
        Wilton, New York 12866-0996

543472.1

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**DIANA GRECEQUET-ALVAREZ**, being sworn, says:

I am not a party to the action, am over 18 years of age and am employed by HEIDELL, PITTONI, MURPHY & BACH, LLP.

On **July 31, 2008**, I served a true copy of the annexed **ANSWER** in the following manner: by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

*Pro Se* Jeffery Goodson
07-A-1685
Mt. McGregor Correctional Facility
Box 2071
1000 Mt. McGregor Road
Wilton, New York 12866-0996

_____
DIANA GRECEQUET-ALVAREZ

Sworn to before me this
1st day of August, 2008

_____
NOTARY PUBLIC

MARIE A. DIBIASE
Notary Public, State of New York
No. 01DI4684071
Qualified in Queens County
Commission Expires April 30, 20 1 0

543472.1