UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
:
JEFFERY GOODSON,                           :
:
                Plaintiff,        :
:
      -against-                           :     ORDER
:
NEW YORK CITY, DEPARTMENT                  :     08 Civ. 1130 (SAS)
OF CORRECTION; ROMAN-DAVID                 :
TROJANOWSKI; COLLEEN                       :
KIERNAN; KALU N. AGWU                      :
SALOME L. OTT; S. RASHEED;                 :
RICHELLE WILLIAMS; A.K.M.                  :
QUYYUM; JANET A. SENDAR;                   :
BIMALENDU GANGULY; AZMAT                   :
HASAN; DAVID VIERA; PETER                  :
HERZ; ANUMA ULU; LAALI A. ALI;             :
MATTHEW BARNES; and                        :
BABATONDE FAGBAMIYE,                       :
:
                Defendants.      :
:
------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       On February 4, 2008, pro se plaintiff Jeffery Goodson filed a motion for appointment of counsel. For the reasons that follow, plaintiff's motion is granted.

**I.    LEGAL STANDARD**

       In *Hodge v. Police Officers*, the Second Circuit set forth the factors a

court should consider in deciding whether to grant an indigent pro se plaintiff's request for appointment of counsel.[1] As a threshold requirement, the court must decide whether the plaintiff's claim "seems likely to be of substance."[2] If the plaintiff satisfies this requirement, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.[3]

In considering these factors, district courts should neither apply bright-line rules nor automatically deny appointment of counsel until the applicant has survived a dispositive motion.[4] Indeed, none of these factors should be considered controlling in a particular case.[5] Each case must be decided on its own facts.

## II. DISCUSSION

On February 4, 2008, Chief Judge Kimba M. Wood granted Goodson's application to proceed in forma pauperis ("IFP"). Therefore, Goodson

---

[1] 802 F.2d 58, 61-62 (2d Cir. 1986).

[2] *Id.*

[3] *Id.* at 61-62.

[4] *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).

[5] *Hodge*, 802 F.2d at 61.

qualifies as indigent under *Hodge*. Based on Goodson's IFP status, as well as the record in its entirety, I find that he meets the requirements for appointment of counsel.

This civil action alleges that defendants violated Goodson's constitutional rights while he was held as a pretrial detainee at the Anna M. Kross Center at Rikers' Island.[6] Goodson alleges that defendants withheld medical treatment for withdrawal symptoms resulting from severe nicotine addiction, despite repeat complaints of nausea and headaches.[7] Goodson asserts that defendants conspired to induce suffering in order to drive him to purchase cigarettes illegally from corrections officers.[8] Goodson also alleges that defendants placed him on Seroquel, an anti-psychotic medication, solely in order to pacify him or for the purpose of medical experimentation.[9] Goodson claims that defendants failed to provide him with sufficient information concerning the effects of the medication and ignored his refusal of treatment and that, in any case, his

---

[6] *See* Amended Complaint at 1-2.

[7] *See id.* at 2.

[8] *See id.*

[9] *See id.* at 3-5.

psychological impairment rendered him incapable of consenting to treatment.[10]

Based on a review of the Amended Complaint and attached documentation, plaintiff satisfies the threshold requirement in that his claims appear to be "likely to be of substance."[11] Moreover, the other *Hodge* factors weigh in favor of granting plaintiff's application. Plaintiff's claims relate to complex issues of medical treatment, navigation of which will be facilitated with the help of counsel. Furthermore, plaintiff's case involves factual disputes and conflicting evidence that may well require extensive cross-examination. For all of these reasons, appointing counsel may greatly assist plaintiff through trial, leading to a "quicker and more just result by sharpening the issues and shaping examination."[12]

### III. CONCLUSION

For the foregoing reasons, Goodson's application for appointment of counsel is granted. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before this Court's Pro Se Office is able to find counsel for

---

[10]   *See id.* at 3-6.

[11]   *Hodge*, 802 F.2d at 61.

[12]   *Id.* at 60; *see also id.* ("[I]t is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination.").

plaintiff. Nevertheless, this litigation will progress at a normal pace. The Clerk of the Court is directed to close this motion (Docket No. 3).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          August 4, 2007

## – Appearances –

**For Plaintiff (pro se):**

Jeffery Goodson
# 07A1685
Mt. McGregor Correctional Facility
P.O. Box 2071
Wilton, New York 12831

**For Defendants:**

Gillian C. Thomas, Esq.
Heidell, Pittoni, Murphy & Bach
99 Park Avenue
New York, New York 10016